**ORIGINAL**

# In The United States Court of Federal Claims

No. 15-408 C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed:  April 23, 2015)

**FILED**

APR 2 3 2015

U.S. COURT OF
FEDERAL CLAIMS

E. DRAKE,

        Plaintiff,

v.

SIDNEY A. FITZWATER, et al.,

        Defendants.

**OPINION and ORDER**

    On April 22, 2015, Eric Drake (plaintiff) filed a complaint seeking $5 million in compensation, as well as various of forms injunctive relief, punitive damages, and other forms of damages.  Plaintiff is an African-American male.  He contends that he has been discriminated against in a variety of ways.  In particular, plaintiff asserts various Federal and State judges in Texas have violated plaintiff's constitutional and civil rights under various Federal statutes, such as 42 U.S.C. §§ 1981, 1983 and 1985.  Plaintiff also seeks various damages based upon actions allegedly taken by private corporations and individuals, including private attorneys.

    This court is solemnly obliged, on its own accord, to address obvious questions concerning its subject matter jurisdiction.  *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934).  This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney.  *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).  Having reviewed plaintiff's complaint, this court is certain that it lacks jurisdiction to consider the claims that plaintiff raises.

    With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment.  *See United States v. Testan*, 424 U.S. 392, 397-98

(1976); 28 U.S.C. § 1491. This court lacks jurisdiction to entertain general civil rights claims that are not based upon an appropriate money-mandating provision. *See, e.g., Sanders v. United States*, 34 Fed. Cl. 75, 80 (1995), *aff'd*, 104 F.3d 376 (Fed. Cir. 1996), *cert. denied*, 522 U.S. 831 (1997); *Martinez v. United States*, 26 Cl .Ct. 1471, 1476 (1992), *aff'd*, 11 F.3d 1069 (Fed. Cir. 1993).

Nor does it hear claims sounding in tort, or claims involving federal, state or local officials. *See* 28 U.S.C. § 1491; *Brown v. United States*, 105 F.3d 621, 623-24 (Fed. Cir. 1997); *Shewfelt v. United States*, 104 F.3d 1333, 1337-38 (Fed. Cir. 1997). In particular, this court also lacks jurisdiction over claims against Federal and State judges. *See Griffith v. United States*, 2015 WL 430285, *2-3 (Fed. Cl. Jan. 30, 2015); *Hover v. United States*, 113 Fed. Cl. 295, 296 (2013), *aff'd*, 566 Fed. Appx. 918 (Fed. Cir. 2014); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Moreover, to the extent that plaintiff states claims under 42 U.S.C. §§ 1981, 1983, or 1985, it is sufficient to observe that the court does not have jurisdiction under any of those statutes. *See* 28 U.S.C. § 1346(b)(1); *Jefferson v. United States*, 104 Fed. Cl. 81, 89 (2012); *Hernandez v. United States*, 93 Fed. Cl. 193, 197-98 (2010); *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005).

Based on the foregoing, this court, therefore, lacks jurisdiction over all claims made by the plaintiff. Accordingly, the Clerk shall dismiss plaintiff's complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

Francis M. Allegra
Judge